**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**DARLEEN DEPOALO,**

    **Plaintiff,**

vs.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Trust 2006-NC3, Mortgage Pass-Through Certificates Series 2006-NC3,**

    **Defendant.**

_____/

CASE NO: _____

(Formerly Hendry County Circuit Court Case No.: 2020-CA-474)

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, **DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Trust 2006-NC3, Mortgage Pass-Through Certificates Series 2006-NC3** ("DBNTC"), hereby removes the action currently pending in the Circuit Court of the Twentieth Judicial Circuit in and for Hendry County, Florida, Case No. 2020-CA-474 (the "State Court Action"), to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331.  Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as more fully set forth below.

**I.    BACKGROUND & CONDITIONS OF REMOVAL**

    1.   This matter arises out of Plaintiff's dispute over a Note and Mortgage she executed in favor of DBNTC's predecessor, secured by the real property located at 1000


Tarpon Woods Boulevard, Unit 706, Palm Harbor, FL 34685 (the "Property") that Plaintiff surrendered in Bankruptcy in 2009.  (*See* Complaint ¶3).

2. Plaintiff is a citizen and resident of Pinellas County, Florida.

3. Defendant DBNTC is a national banking association organized under the laws of the United States with its principal place of business in Santa Ana, California.

4. Venue is proper in the United States District Court Middle District of Florida because the case is being removed from the Circuit Court of the Twentieth Judicial Circuit in and for Hendry County, Florida.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert defenses, counterclaim, or to seek transfer to the Tampa Division of the Middle District of Florida as this action arises out of a dispute in Pinellas County rather than Hendry County.  (*See again* Complaint, ¶3).

6. This action is not a non-removable action as described under 28 U.S.C. § 1445.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings available to counsel as of this date is attached hereto as **Composite Exhibit "A."**

8. In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, DBNTC has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing Notice of Removal with the Clerk of the Court for the Third Judicial Circuit in Columbia County, Florida.  A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "B."**

9. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of Defendant's receipt of the initial pleading.  Defendant was not

served with process in this matter and has filed a Motion to Quash Service of Process in relation thereto.

10. DBNTC discovered this matter on or about December 18, 2020, through an online records search prompted by the discovery of similar matters filed by Plaintiff's counsel, Megan Lazenby, Esq., that likewise resulted in default and/or judgment by default due to lack of service of process on DBNTC.

## II.   THE COMPLAINT

11. Plaintiff has sued DBNTC in Hendry County under the "Civil Remedies for Criminal Practices Act" (Fla. Stat §772.101, *et. seq.*) in the procurement of the Final Judgment of Foreclosure on property Plaintiff surrendered in Bankruptcy in 2009.

12. In 2008, DBNTC initiated a foreclosure action against Plaintiff, among others, in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 2008-12232-CI ("Pasco Foreclosure Action"), which resulted in the entry of a Final Summary Judgment of Foreclosure ("Final Judgment") in favor of DBNTC on January 22, 2009 in the amount of $135,519.41. (*See* Complaint ¶¶ 3, 14; *see also* Exhibit "A" containing Request for Judicial Notice of Foreclosure and Bankruptcy Cases)). Plaintiff surrendered the Property in Bankruptcy in 2009. (*See again* Exhibit "A" containing Request for Judicial Notice of Foreclosure and Bankruptcy Cases).

13. Yet, despite surrender, Plaintiff initiated the State Court Action in Hendry County alleging she was wrongfully divested of ownership of the Property and seeking to

3

collaterally attack the evidence and findings of the Pinellas County trial court which yielded the Final Judgment[1] in favor of DBNTC.

14. The State Court Action repeatedly challenges DBNTC's status as owner and holder of the Note and Mortgage that are at issue in this case and that were the basis of the Final Judgment. (*See* Complaint, ¶¶ 9, 14, 20) (each denying the trial court's finding that DBNTC was the owner or holder of the Note).

### III.   LEGAL STANDARD -GROUNDS FOR REMOVAL

15. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States…where such action is pending."

16. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state;
>
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> **(4)** a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

---

[1] Inexplicably, this action was filed in the Twentieth Judicial Circuit of Hendry County, Florida, despite the complete absence of any connection to Hendry County.

17. This Court has original jurisdiction on the basis of diversity and amount in controversy. *See* 28 U.S.C. § 1332. The parties are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

18. "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $75,000." *Luch v. Scottsdale Ins. Co.,* No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014)). Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

**A.   Diversity Of Citizenship Exists.**

19. Plaintiff is a citizen and resident of Pinellas County, Florida.

20. DBNTC is a national banking association with its mail office is Los Angeles, California and its principal place of business in Santa Ana, California. DBNTC does not have any offices in Florida.

21. Because the parties are citizens of different states, diversity exists.

**B.   Amount in Controversy Exceeds $75,000.**

22. Plaintiff in this matter seeks treble damages that include "the value of Property" and "the attorney's fees and costs incurred defending the [Foreclosure action]". (*See again* Complt., ¶¶ 37-38).

23. As evidenced by Plaintiff's Affidavit in Support of Summary Judgment filed in the State Court Action, Plaintiff is seeking $120,665 (which is her estimated value of the Property), and has demanded triple damages. *See again* Exhibit "A". Thus, the amount in

5

controversy at issue clearly exceeds $75,000. S*ee also Diversified Mortg., Inc. v. Merscorp, Inc.,* No. 8:09–cv–2497, 2010 WL 1793632, at *2 (M.D. Fla. 2010) (holding that the face value of the mortgages can be used to determine the amount in controversy).

24.  In this matter, because Plaintiff seeks three times the value of the Property, plus attorney's fees and costs, the amount in controversy in this matter exceeds $300,000.00 Dollars and thus meets the amount on controversy threshold under 28 U.S.C. § 1332.

### III.  CONCLUSION

25.  Removal of the State Court Action is timely and appropriate, and this Court has jurisdiction over the claims based upon diversity of citizenship. Defendant respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Twentieth Judicial Circuit in and for Hendry County, Florida to the United States District Court for the Middle District of Florida, Fort Myers Division, without waiver of DBNTC's right to further seek transfer to the Tampa Division of the Middle District of Florida as this action arises out of a dispute in Pinellas County rather than Hendry County.

**WHEREFORE** Defendant respectfully requests that the aforesaid action now pending in the Circuit Court of the Twentieth Judicial Circuit in and for Hendry County, Florida, No. 2020-CA-000474 be removed to this Honorable Court.

| | |
|---|---|
| Dated: January 14, 2021 | Respectfully submitted, |
| Jason H. Okleshen, Esq.<br>Florida Bar No. 496170<br>Okleshenj@gtlaw.com<br>**GREENBERG TRAURIG, P.A.**<br>777 S. Flagler Dr., Ste. 300 East<br>West Palm Beach, FL 33401<br>Telephone: (561) 650-7915<br>Facsimile: (561) 655-6222 | Beth A. Norrow, Esq.<br>Florida Bar No. 061497<br>norrowb@gtlaw.com<br>**GREENBERG TRAURIG, P.A.**<br>450 S. Orange Ave., Ste. 650<br>Orlando, FL 32801<br>Telephone: (407) 420-1000<br>Facsimile: (407) 420-5909<br>Secondary email: dunnla@gtlaw.com;<br>FLService@gtlaw.com<br><br>By: /s/ *Beth A. Norrow*<br>     Beth A. Norrow |

*Counsel for Defendant, Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Trust 2006-NC3, Mortgage Pass-Through Certificates Series 2006-NC3*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the State of Florida e-filing system which will send a notice of electronic service to:

| | |
|---|---|
| Megan Lazenby, Esq.<br>Lazenby Law, LLC<br>4927 Southfork Dr.<br>Lakeland, FL 33813<br>lazanbylaw@gmail.com | Matthew D. Wolf, Esq.<br>Ivanov & Wolf, PLLC<br>3310 W. Cypress St, Suite 206<br>Tampa, FL 33607<br>Matt@IWFirm.com |

/s/ Beth A. Norrow
 Beth A. Norrow

ADMIN 38152242